Miles Woodlief (SBN124467)
Archer™
775 East Blithedale Avenue
Suite 514
Mill Valley, California
phone: (415) 730-3032
facsimile:(415) 366-2956
miles@thearcherfirm.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
San Francisco Division

|  |  |
|---|---|
| DAVID HERNANDEZ MINISTRIES, INC. <br><br> Plaintiff, <br> v. <br><br> MARYLINE ORCEL, DOES 1 through 10 <br><br> Defendant. | Case No.: <br><br><br> COMPLAINT |

As its Complaint (the "Complaint"), Plaintiff David Hernandez Ministries, Inc. ( "Plaintiff") alleges as follows:

CLAIM FOR RELIEF
(Copyright and Intellectual Property Right Infringement –
Permanent Injunction and Damages)

**Jurisdiction**

1. Jurisdiction is proper within the Northern District of California, San Francisco Division under 28 U.S.C. §1400(a) in that (i) Defendant has its principal place of business in this District; and (ii) Defendants purposefully directed their business and committed their infringement at and

Complaint                                                                                          - 1

to California, including within this District and Division.

**Venue**

2. Venue is proper within this District and Division under 28 U.S.C §1391(a)(2), (b)(1) & (2), and (d).

**Intradistrict Assignment**

3. The events giving rise to the claims set forth in this Complaint occurred within, among other places, the City and County of San Francisco.

**The Parties and Relevant Persons and Entities**

4. Plaintiff ("DDM" or "Plaintiff") is a California Corporation with its principal place of business in the City of Downey, County of Los Angeles, State of California.

5. Plaintiff is a registered 26 U.S.C. Section 501(c)(3) corporation in good standing in California, its state of formation.

6. Defendant Maryline Orcal ("Maryline") is an individual residing in the United Kingdom at 23 Fletcher Road Chigwell, Essex IG74HD and who travels regularly within the United States for her work.

7. Defendant Maryline operates a business of unknown origin known as "Moisson d'Oracle" (MdO") which is located in in the United Kingdom at 23 Fletcher Road Chigwell, Essex IG74HD but which operates, both physically and via the World Wide Web, throughout the world, including the United States and, specifically, the State of California.

8. That business focus on taking the copyrighted works of third parties, translating those copyrighted works into French and publishing those copyrighted works, all without knowledge, authorization, or permission, of the copyright holder.

9. The true names and capacities of Does 1 through 10 (whether individual, corporate,

Complaint                                                                 - 2

associate or otherwise) are unknown to Plaintiff. Plaintiff will amend this Complaint to allege the true names and capacities of these Doe Defendants, together with other appropriate allegations, when such names and capacities have been ascertained. Plaintiff is informed and believes and on that basis alleges that each of the Doe Defendants is, in some manner, responsible for occurrences alleged in this Complaint and proximately caused injury and damages to Plaintiff as alleged in this Complaint.

10. Defendants Does 1 through 10 are and were at all times relevant to this Complaint corporations organized and existing under and by virtue of the laws of the State of California or Israel, or both.

11. Defendants Does 1 through 10 are and were at all times relevant to this Complaint partners doing business under a fictitious firm name in California.

12. Defendants Does 1 through 10 are and were at all times relevant to this Complaint individuals doing business under a fictitious name in California.

13. Maryline and MdO and Does 1-10 shall collectively be referred to as the "Defendants."

**Agency**

14. Plaintiff is informed and believes and on that basis alleges that at all times relevant to this Complaint there existed a unity of interest between each of the Defendants, and the employees of, owners of and/or partners in each such defendant, and that each such defendant was the agent, representative, employee and/or principle of each other such defendant and as such was acting on behalf of, under the authority of, with the full knowledge and consent of, and/or as the agent of each such other defendant when performing the acts or failing to perform the acts set forth in this Complaint. Plaintiff is further informed and believes and on that basis alleges that at all times relevant to this Complaint, each of the Defendants in doing or failing to

do the acts referenced in this Complaint was acting within the course and scope of his, her or its agency or employment.

15. Plaintiff is informed and believes and on that basis alleges that at all times relevant to this Complaint there existed a unity of interest between each Defendant, and the employees of, owners of and/or partners in each such defendant, and that each such defendant was the agent, representative, employee and/or principle of each other such defendant and as such was acting on behalf of, under the authority of, with the full knowledge and consent of, and/or as the agent of each other such defendant when performing the acts or failing to perform the acts set forth in this Complaint.  Plaintiff is further informed and believes and on that basis alleges that at all times relevant to this Complaint, each Defendant in doing or failing to do the acts referenced in this Complaint was acting within the course and scope of his, her or its agency or employment.

**Alter Ego**

16. Plaintiff is informed and believes and on that basis alleges that at all times relevant to this Complaint, Maryline, MdO and Does 1-5 have merely been the alter ego of Does 6-10, and that Maryline, MdO, and each Doe 1-5 are merely the extension of Does 6-10 and all are merely the extension of one another.  Plaintiff is further informed and believes, and on that basis alleges that the assets of these defendants are and were routinely mingled, that the corporate formalities required under the laws of the State of California or other applicable state or jurisdiction are not and have not at any time relevant to this Complaint been followed by the Defendants and that as a result, the corporate veil should be pierced and each such defendant treated as fully responsible for and liable for the acts and omissions referred to in this Complaint.

**Aiders and Abettors**

17. Plaintiff is informed and believes and on that basis alleges that at all times relevant to this

Complaint, the Defendants and Does 1-10 were aiders and abettors of one another in the wrongful activities alleged in this Complaint, and the liability of each such Defendants arises from his, her, or its involvement in all or part of the improper acts and transactions alleges in this Complaint.

**General Allegations**

**Plaintiff Holds Valid, Enforceable Copyright and Intellectual Property Rights**

18. Plaintiff operates a worldwide ministry.  It regularly records its sermons, services, crusades, and other events and often uploads them, with audio, onto, among other sites, YouTube, where it maintains a YouTube channel (each a "Work" and collectively, the "Works).

19. The Works, including the audio, represent Plaintiff's independently created, original works in a tangible medium of expression, including, for example, still and moving images with audio.

20. Plaintiff has a valid, ongoing, and enforceable copyright for each image and the accompanying audio, still photographs, moving pictures it has created since its inception, as well as for each medium through which those images have been made available for access by and viewing by third parties, specifically including each Work uploaded onto YouTube.

21. Plaintiff owns the Works it creates.

22. Plaintiff creates or holds all intellectual property rights to, or both, the Works.

23. Plaintiff owns the Works it uploads onto YouTube.

24. Each of these Works are subject to legal protection under United States Copyright and related intellectual property rights law.

25. For each specific Work created by Plaintiff, it has provided clear and adequate notice that each such Work is subject to copyright protection.  That copyright protection remains in place

Complaint                                                                                            - 5

and in full force and effect.

26. Each video Plaintiff uploads is copyrighted by and in the name of Plaintiff.

27. On its internet channels, including its You Tube channel, Plaintiff seeks donations from viewers to help offset the costs of its ministry. The Works are a significant predicate to the donations Plaintiff receives.

28. Its online videos are seen around the world, including in The United Kingdom and throughout the United States.

29. The donations received from it viewers on YouTube, among other sites, are an important and necessary source of revenue for Plaintiff.

30. Plaintiff receives donation through a link on its YouTube channel.

**Defendants have Knowingly and Repeatedly Displayed Plaintiff's Copyright and Intellectual Property Rights for Financial Gain**

31. Maryline or MDO, or both, operate a YouTube channel at https://www.youtube.com/channel/UC0A3ziXTpPG2vDOtUvFnpsw.

32. Through that account, Defendants directly translate the copyrighted audio of Plaintiff and then upload that translation onto a YouTube, or other, page, most often attached to the video from which the audio was obtained.

33. In doing so, Defendants have violated Plaintiff's exclusive rights to the copyrighted Works by displaying Plaintiff's Works as their own without the prior knowledge, permission, consent, or authority of Plaintiff. An example of Defendant's wrongful use of Plaintiff's Works is set forth at:

http://www.youtube.com/watch?v=4ygA9XHi_d0

34. In doing so, Defendants and each of them have infringed Plaintiff's copyright and

intellectual property rights and are doing so knowingly, willfully, and intentionally.

35. Specifically, on the Maryline Orcel YouTube page, among others, under the tab "videos" Defendants display content that belongs exclusively to Plaintiff and constitutes exclusively Plaintiff's copyrighted Works.

36. On its internet channels, including its You Tube channel, Defendant seeks donations from viewers to help offset the costs of its ministry.

37. Given the numbers of views of Plaintiff's Works, it is apparent that Plaintiff's Works are a significant predicate to the donations Plaintiff receives.

38. Defendants displays Plaintiff's Works online throughout the world, including in The United Kingdom and throughout the United States.

39. The donations Defendants receive from its viewers of Plaintiff's Works on Defendants' YouTube channel, among other sites, are an important and necessary source of revenue for Defendants.

40. Defendants receives donation through a link on its YouTube channel.

41. The donations Defendants receive directly reduce the donations Plaintiff receives, directly and negatively impacting Plaintiff financially.

**Defendants had no right to Display Plaintiff's Works**

42. There is no exception in the copyright laws of the United States or any country that allow or create an exception for Defendants' use of Plaintiff's copyrighted material.

43. Defendants' unjustified use of the Works has caused significant damages to Plaintiff, as set forth in this Complaint. No facts justifying Defendants' violation, or balance to Plaintiff's hardship exist.

44. Plaintiff has continuously used these products in commerce since they were first made

available for distribution and viewing and has continuously used such copyrights and intellectual property rights.

45. The Copyright and intellectual property rights cover all of Plaintiff's created works and each of the Works wrongfully displayed by Defendants without the prior knowledge, permission, consent, or authority of Plaintiff.

**The Defendants violated Plaintiff's Copyright and Intellectual Property Rights**

46. The Defendants do not have and did not seek a license from Plaintiff to display its Works.

47. The Defendants do not have a Copyright or intellectual property right or other authority of any kind to display the Works.

48. Despite the foregoing, the Defendants have displayed and continue to display the Works and have done so for commercial gain.

49. Plaintiff has made repeated efforts to cause the Defendants to cease and desist their predatory and violatory behavior, all to no avail.

50. Based on the Defendants' willful, knowing, and intentional refusal to cease and desist from displaying the Works, Plaintiff has no choice but to commence this litigation to stop the Defendants' improper behavior.

51. Despite Plaintiff's warnings, and its clear statement regarding the copyrights for and the intellectual property related to Works, Defendants have continued to display the Works on their online channels, including YouTube, all to Plaintiff's detriment.

52. The Defendants, by their actions as alleged in this Complaint, have willfully, intentionally, and knowingly violated Plaintiff's Copyright and intellectual property rights.

53. Each time the Defendants improperly display Plaintiff's Work, which violates Plaintiff's

Copyright and intellectual property rights, or both, Plaintiff loses the income it would have gained from such a display.

54. Because Defendants operate websites that feature Christian themed content, Defendants are the competitors of Plaintiff in this specific marketplace.

55. As the sole copyright and intellectual property right holder for the Work, each display of a Work by Defendants specifically and directly impacts Plaintiff.

56. Plaintiff does not make a practice of licensing its products to any third party and rarely, if ever, do so. It did not do so with Defendants.

57. Plaintiff regularly, currently, and continuously makes and displays in the Unites States its own, copyrighted and intellectual property right protected materials.

58. Maintaining a policy supporting and encouraging a strong and diverse copyright and intellectual property rights system is in the public's best interest. The Defendants' efforts to sell an exact replica of Plaintiff's copyright and intellectual property right protected product directly violates that policy.

59. The Works Defendants display cheapens and harms the reputation of Plaintiff's Copyrighted and intellectual property right protected materials.

**A Permanent Injunction is Required**

60. There is no adequate remedy at law to protect Plaintiff's from the Defendant's continuing wrongful violation of Plaintiff's Copyright and intellectual property rights as monetary compensation will be inadequate and insufficient.

61. There is a serious and real risk of irreparable harm to Plaintiff absent the requested injunctive relief;

62. It is substantially likely that Plaintiff will prevail on the merits of this case.

63. A comparison of the harm to the Defendants in issuing an injunction versus the harm to Plaintiff in withholding it demonstrates, a balance substantially favoring Plaintiff.

### SECOND CLAIM
(Unfair Competition)

64. Plaintiff realleges and incorporates into this paragraph the allegations contained in paragraphs 1-63 of this Complaint.

65. Defendants' acts constitute unfair competition in violation of the common law of the State of California.  Unless enjoined by this court, Defendants' acts will continue to unjustly enrich and provide benefit to Defendants and to substantially damage Plaintiff's reputation, goodwill, and valuable property rights in the Works.

66. It is unjust to Plaintiff for Defendants to retain the benefit of their wrongful behavior without commensurate compensation.

67. As a result of Defendants wrongful acts, Plaintiff has been damaged in an amount equal to not less than the donations Defendants' received though those who watched Plaintiff's Works displayed on Defendant's YouTube channel or others.

68. Plaintiff is entitled to damages under 17 U.S.C. §504(a), (b), and (c).

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. on the First Claim,

    (i)    Enjoining defendant from importing, manufacturing, assembling, displaying, offering for sale, or selling access to any Works embodying the claims covered by Plaintiff's Copyright and intellectual property protections;

(ii) Directing Defendants to delete and otherwise permanently remove any and all access to the Works in its possession or under its control;

(iii) Directing Defendants to deliver up all catalogues, advertisements, and other materials displaying or offering access to any Works;

(iv) Directing defendant to account to Plaintiff for any and all profits derived by defendant and all damages sustained by Plaintiff by reason of defendant's acts of infringement;

(vi) Awarding to Plaintiff compensatory damages, all with interest thereon;

E. On each Claim, awarding to Plaintiff its costs and disbursements of this action, including reasonable counsel fees, because of the deliberate and willful nature of the infringing activities of defendant sought to be enjoined hereby, which make this an exceptional case warranting such award: and,

F. On each Claim, granting to Plaintiff such other, further and different relief as the Court may deem just and proper.

Dated: December 18, 2024

By: _____
Miles Archer Woodlief
Archer$^{tm}$
775 East Blithedale Ave., Suite 514
Mill Valley, Calif. 94941
phone: (415) 730-3032
facsimile:(415) 366-2956